IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BODDIE,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 08-01956 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS UNTIMELY**<br><br>(Docket no. 9) |

Petitioner, a state prisoner, filed the present pro se petition for writ of habeas corpus challenging his 1990 Contra Costa County Superior Court conviction.

Before the Court is Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1), or, in the alternative, as either a second or successive petition, or barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). Petitioner opposes the motion, and Respondent filed a reply to the opposition.

**DISCUSSION**

**I.    Background**

Petitioner is challenging his 1990 state conviction; however, he is not in custody on that conviction. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. Generally, a habeas petitioner must be in custody for the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). In his petition, Petitioner indicates that on October 9, 1990, he pled guilty to battery and assault with great bodily injury while committing or attempting a felony, pursuant to California Penal Code §§ 242, 243(d), 245(a)(1), 12022.7. He received a five-year sentence on August 16, 1991, about eighteen

years ago. Because that sentence has long since expired, he is no longer in custody on that conviction.

However, Petitioner alleges that his 1990 conviction was used as a prior conviction to enhance the sentence he is currently serving. In 1997, a Santa Clara County jury convicted Petitioner of robbery pursuant to California Penal Code §§ 221 and 212.5(b). The jury found true an allegation that Petitioner had three prior serious felony convictions. Petitioner filed two motions for a new trial, which were denied. On July 11, 1997, he was sentenced to thirty years to life in prison.

On October 29, 1998, the California Court of Appeal affirmed the judgment of conviction. On February 17, 1999, the California Supreme Court denied review. (Resp't Ex. 1.)

On March 9, 2000, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief the same day (Case No. H021213). (Resp't Ex. 2.)

On April 24, 2000, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on August 9, 2000 (Case No. S087722). (Resp't Ex. 3.)

On December 13, 2000, Petitioner filed a habeas petition in this Court, which was denied on the merits on March 31, 2004 (Case No. C 00-4665 SBA (PR)). (Resp't Ex. 4.) Petitioner appealed, and the Ninth Circuit Court of Appeals affirmed the judgment on August 4, 2005 (Case No. 04-15949). (Resp't Ex. 5.) Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 27, 2006 (Case No. 05-8285). (Id.)

On May 2, 2006, Petitioner filed a petition for writ of mandate in the California Supreme Court (Case No. S143057), which transferred the case to the California Court of Appeal. (Resp't Ex. 6.) The appellate court denied relief on May 11, 2006 (Case No. A113763). (Resp't Ex. 7.)

On November 2, 2006, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief the same day (Case No. H030799). (Resp't Ex. 8.)

On December 1, 2006, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on May 23, 2007 (Case No. S148501). (Resp't Ex. 9.)

On July 24, 2007, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief on August 20, 2007 (Case No. A118506). (Resp't Ex. 10.)

On August 17, 2007, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief on September 4, 2007 (Case No. H031940). (Resp't Ex. 11.)

On September 24, 2007, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition as untimely on March 12, 2008 (Case No. S156573). (Resp't Ex. 12.)

On April 14, 2008, Petitioner filed the current federal petition, in which he claims the trial court violated the prohibition against plea bargaining in serious felony cases when it accepted the 1990 plea agreement. (Pet. at 6.) The same day Petitioner filed a second federal petition, Case No. C 08-1957 SBA (PR), in which he claims the trial court violated his 1990 plea agreement because he pled guilty to a "three count single information that was subsequently used by the State as multiple convictions for the purpose of the Three Strikes Law in 1997, thereby breaching the contract." (Pet. in Case No. C 08-1957 SBA (PR) at 6.)

**II. <u>Timeliness</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's enactment. <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), <u>cert. denied</u>, 523 U.S. 1, <u>and cert. denied</u>, 523 U.S. 1061 (1998), <u>overruled in part on other grounds by</u> <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 526 U.S. 1060 (1999).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not); 28 U.S.C. § 2244(d)(1)(A); former Cal. Rule of Court 31(d) (providing that appeal from criminal judgment entered upon a plea of guilty or nolo contendere must be filed within sixty days after judgment is rendered and must be in form of a request for a certificate of probable cause as required by Cal. Penal Code § 1237.5).

Here, while Petitioner plead guilty in 1990, he was sentenced on August 16, 1991. There is nothing in the record that shows that Petitioner filed an appeal or a request for a certificate of probable cause. Therefore, his conviction became final no later than sixty days after his sentence, on October 15, 1991. See former Cal. Rule of Court 31(d). Accordingly, Petitioner had until October 15, 1992 to file a federal habeas petition. Petitioner did not file the instant petition until April 14, 2008, more than fifteen years after the expiration of the limitations period. Therefore, the instant petition is untimely absent tolling.[1]

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitation period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez, 276

---

[1] Even if the Court applied § 2244(d)(1)(D) to Petitioner's case, the instant petition is still untimely because the factual predicate for his claim was discovered at the time of his sentence under California's Three Strikes law in 1997, and the instant petition was filed in 2008, more than ten years later.

4

F.3d at 482. Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Here, the previous federal proceedings did not toll the statute, Duncan v. Walker, 533 U.S. 167, 181-182 (2001), and neither did the state habeas petitions that were filed after the limitations period had expired, Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not apply.[2]

The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is unavailable in most cases, however, because it is applied only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted). Ignorance of the law does not justify equitable tolling of the limitations period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar). Petitioner has not given any reasons to justify equitable tolling of the limitations period.

As mentioned above, Petitioner is currently serving a sentence based upon his 1997 robbery conviction. Therefore, Petitioner could contend that his conviction did not become final until May 18, 1999, ninety days after the California Supreme Court denied the petition for review on February 17, 1999. See Bowen, 188 F.3d at 1159. Petitioner could then argue that the one-year limitations period began to run on that date, and that he could have had until February 17, 2000 to file the instant petition. See 28 U.S.C. § 2244(d). However, the instant petition is still untimely because it was filed in 2008, eight years later.

---

[2] Petitioner contends the instant petition is timely, because the California Supreme Court's March 12, 2008 denial of his habeas petition as untimely is not sufficiently consistent or clear. (Opp'n at 5.) However, even if this state habeas petition was denied as untimely in 2008, the limitations period had already expired long before then.

1        Petitioner is challenging the constitutionality of his previous conviction in an indirect way --
2 based on the enhancement of his current 1997 sentence with an unconstitutional prior conviction
3 from his August 16, 1991 sentence for his 1990 conviction.  However, the Court notes that Petitioner
4 filed an earlier habeas petition in this Court challenging his 1997 conviction and sentence, which
5 was denied on the merits in Case no. C 00-4665 SBA (PR).  As Respondent argues, Petitioner
6 generally may not attack the constitutionality of a prior conviction used to enhance a later sentence.
7 "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the
8 defendant failed to pursue those remedies while they were available (or because the defendant did so
9 unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later
10 used to enhance a criminal sentence, the defendant generally may not challenge the enhanced
11 sentence through a petition under § 2254 on the ground that the prior conviction was
12 unconstitutionally obtained." Lackawanna, 532 U.S. at 403-04 (citation omitted); see also United
13 States v. Martinez-Martinez, 295 F.3d 1041, 1043-44 (9th Cir. 2002) (bar against collateral attacks
14 on prior convictions also applies where sentencing court declined to reduce sentence based on
15 circumstances of prior conviction).  The only exception to the rule barring challenges to prior
16 convictions used to enhance current sentences is that a petitioner may challenge a prior conviction
17 on the ground that there was a failure to appoint counsel in that case in violation of the Sixth
18 Amendment.  Coss, 532 U.S. at 404.  Petitioner does not allege that he did not have counsel in his
19 underlying conviction.

20        Here, the instant petition challenges Petitioner's 1990 conviction; therefore, the date of the
21 conclusion of direct review of his 1997 conviction and sentence is not relevant.  Furthermore, as
22 Respondent also argues, if Petitioner contends that he is challenging his 1997 sentence enhancement
23 in the instant petition, this petition would be considered a second or successive petition pursuant to
24 28 U.S.C. § 2244(b), based upon the Court's denial of his habeas petition in Case no. C 00-4665
25 SBA (PR), challenging the same 1997 conviction and sentence.  Because Petitioner has not

6

**United States District Court**
**For the Northern District of California**

1  presented an order from the Court of Appeals authorizing this court to consider any new claims, the
2  petition would be dismissed as successive.[3]  See 28 U.S.C. § 2244(b)(3)(A).

3      In sum, Petitioner did not file the instant petition -- challenging his 1990 conviction -- until
4  April 14, 2008, more than fifteen years after the October 15, 1992 expiration of the limitations
5  period.  The Court concludes that Petitioner has not established any facts demonstrating he is
6  entitled to either statutory or equitable tolling.  Accordingly, Respondent's motion to dismiss the
7  petition as untimely is GRANTED, and the instant petition is barred as untimely under 28 U.S.C.
8  § 2244(d)(1).[4]

9  **CONCLUSION**

10      Respondent's motion to dismiss the petition as untimely (docket no. 9) is GRANTED.  The
11  instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).

12      The Clerk of the Court shall enter judgment in accordance with this Order, terminate all
13  pending motions, and close the file.

14      This Order terminates Docket no. 9.

15      IT IS SO ORDERED.

16  DATED: 12/17/09      _____
    SAUNDRA BROWN ARMSTRONG
17      UNITED STATES DISTRICT JUDGE

---

[3]  In a separate Order in Case No. C 08-1957 SBA (PR) -- Petitioner's habeas action challenging his 1997 conviction and sentence -- the Court has granted Respondent's motion to dismiss the petition as a second or successive petition, and that action has been dismissed pursuant to 28 U.S.C. § 2244(b).

[4]  The Court has dismissed the present petition as untimely.  While the Court has referred to Respondent's two alternative arguments for dismissal in this Order, it need not find that this action should also be dismissed on those grounds as well.

P:\PRO-SE\SBA\HC.08\Boddie1956.grantMTD(sol).wpd      7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODERICK BODDIE,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-01956 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roderick Boddie K-58959
California State Prison - Soledad
P.O. Box 689
Soledad, CA 93960-0689

Dated: December 21, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Boddie1956.grantMTD(sol).wpd    8